UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

     v.                         Criminal No. 18-cr-057-LM-3
                                    Opinion No. 2024 DNH 106 P

<u>Michael Bean</u>


## **O R D E R**

The defendant, Michael Bean, was sentenced to a 120-month mandatory minimum prison sentence on April 16, 2019. Presently before the court is Bean's request (doc. no. 164) that the court issue an order recalculating his criminal history score and category in light of the recent amendment to the so-called "status points" provision of the United States Sentencing Guidelines, U.S.S.G. § 4A1.1(e). Bean concedes that he is ineligible for a sentence reduction as a result of any such recalculation, but contends that the Bureau of Prisons ("BOP") may afford him certain administrative relief if the court recalculates his criminal history score and category. The government takes no position on Bean's request. Doc. no. 165. For the following reasons, the court grants Bean's request, and lowers his criminal history score from ten to nine and his criminal history category from V to IV.


## **PROCEDURAL HISTORY**

On November 21, 2018, Bean pled guilty to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). He was

subject to a mandatory minimum prison sentence of 120 months. 21 U.S.C.
§ 841(b)(1)(A).

At sentencing, the court attributed ten criminal history points to Bean due in part to the status points provision of the sentencing guidelines then in effect. See doc. no. 92 ¶ 52 (presentence report, applying status points provision and accordingly increasing Bean's criminal history score from eight to ten); doc. no. 151 at 3 (transcript of sentencing hearing, adopting probation's status points determination). A criminal history score of ten resulted in a criminal history category of V. See doc. no. 151 at 3. Based in part on that criminal history category, the court calculated Bean's advisory sentencing guidelines range to be 120 to 140 months.[1] See id. at 10-11. The court ultimately sentenced Bean to the 120-month mandatory minimum sentence set forth in § 841(b)(1)(A).

## DISCUSSION

As noted, this case concerns the status points provision of the sentencing guidelines. Status points attribute criminal history points to defendants for the fact of having committed the offense for which they are being sentenced while under

---

[1] The court arrived at this figure by: (1) applying a categorical policy disagreement with the manner in which base offense levels in "ice" methamphetamine cases are calculated under the sentencing guidelines (see United States v. Bean, 371 F. Supp. 3d 46 (D.N.H. 2019)), which yielded a total offense level of 29 instead of the total offense level of 33 set forth in the presentence report, and which, in conjunction with a criminal history category of V, yielded a sentencing range of 140-170 months; then (2) granting a 20% downward departure, which resulted in a new range of 112-140 months; and finally (3) bumping the low end of that range up to the statutorily mandated minimum sentence of 120 months in light of U.S.S.G. § 5G1.1(c)(2).

another criminal justice sentence, including while on probation, parole, or supervised release. On August 24, 2023, the United States Sentencing Commission determined to give retroactive effect to Amendment 821 to the Sentencing Guidelines, which modified how status points are calculated pursuant to U.S.S.G. § 4A1.1. Under the previous status points provision, two criminal history points were added to the defendant's criminal history score if the defendant committed the instant offense while under a criminal justice sentence. Under the current version, a defendant receives status points only if the defendant has seven or more criminal history points prior to the attribution of status points. See U.S.S.G. § 4A1.1(e). In addition, a defendant who receives status points now receives only one additional criminal history point instead of two. See id.

Here, Bean was on probation at the time he committed the offense. See doc. no. 92 ¶ 52. Therefore, at sentencing, the court attributed status points to Bean based on the version of § 4A1.1 in effect at that time. The attribution of status points increased Bean's criminal history score from eight to ten, which yielded a criminal history category of V.

Under the current version of the status points provision, Bean would still receive status points because he had seven or more criminal history points prior to the attribution of status points, but he would receive only one additional criminal history point instead of two. See id. ¶¶ 39-52; U.S.S.G. § 4A1.1. Therefore, if the court retroactively applies the current status points provision to Bean, his total

3

criminal history score will be nine instead of ten, and his criminal history category will be IV instead of V.

However, because Bean has already received the minimum sentence permitted by law in this case, it is undisputed that he is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.[2] Rather than requesting the court reduce his sentence, Bean "seeks an order finding and declaring simply that his criminal history category is reduced pursuant to the retroactive guidelines." Doc. no. 164 at 2. He points to other cases in which BOP represented to one or more parties that a court's order retroactively lowering a defendant's criminal history category could impact the defendant's "Prisoner Assessment Tool Targeting Estimated Risks and Needs" ("PATTERN") score.

According to BOP's website, PATTERN is a risk assessment tool used by BOP to measure an inmate's risk of recidivism. Federal Bureau of Prisons, First Step Act (last visited Dec. 11, 2024).[3] The PATTERN score for male defendants is

---

[2] Bean's recalculated sentencing guidelines range with a criminal history category of IV would be 120-121 months. The court arrives at this figure by: (1) combining the total offense level of 29 to the criminal history category of IV, which yields an initial range of 121 to 151 months; (2) granting the same 20% downward departure, which yields a new range of 97 to 121 months; then (3) bumping the low end of that range up to 120 months in light of the applicable mandatory minimum and U.S.S.G. § 5G1.1(c)(2).

[3] Available at: https://www.bop.gov/inmates/fsa/#:%7E:text=PATTERN%20is%20a%20tool%20that, recidivism%20risk%20scores%20and%20levels.

determined, in part, by their criminal history score. See doc. no. 164-1.[4] A defendant with ten criminal history points receives a general score of 32, and a violent score of 12. Id. A defendant with nine criminal history points, however, receives a general score of 24 and a violent score of 9. Id. This reduction in scoring could be used by BOP to reclassify Bean's risk of recidivism to a lower category, see doc. no. 164-2,[5] which in turn could impact his ability to apply earned-time credits to his sentence and obtain other administrative relief.

    While it appears that retroactively lowering Bean's criminal history score or category could impact BOP's decision making to afford him certain relief, there is a split of authority as to whether a court has the power to retroactively lower a defendant's criminal history score or category under Amendment 821 outside the context of granting a sentence reduction. Several cases support the proposition that courts do have such authority. See United States v. Freeman, No. CR-10-165-R, 2023 WL 9661326, at *1 (W.D. Okla. Dec. 5, 2023) (finding that defendant's criminal history score under amended status points provision was reduced from seven to five despite additional finding that defendant was nevertheless ineligible for a sentence reduction); United States v. Hernandez, Crim. No. 3:21-00153, 2023 WL 7238491, at *2 (S.D. W. Va. Nov. 2, 2023) (directing probation to amend the defendant's presentence report to reflect a lower criminal history score and category in light of

---

    [4] Also available on BOP's website at: https://www.bop.gov/inmates/fsa/docs/male_pattern_form.pdf?v=1.3.

    [5] Also available on BOP's website at: https://www.bop.gov/inmates/fsa/docs/fsa_cut_points.pdf?v=1.3.

Amendment 821 despite fact that defendant was not entitled to a sentence reduction); United States v. Pedroso, No. 1:22-cr-00239-1 (N.D. Ill. Apr. 22, 2024) (doc. no. 57). And the District of Nevada has issued a standing order inviting litigants to make such requests. See General Order 2024-01, In re: Recalculation of Criminal History Points, at *1-2 (D. Nev. June 28, 2024) ("Because criminal history points may have administrative consequences for convicted defendants in [BOP] custody, this Court will entertain requests for retroactive reduction of criminal history points for eligible defendants pursuant to Amendment 821 regardless of whether a reduction in criminal history points would change the defendant's sentencing guidelines range or reduce the defendant's sentence.").[6]

However, other courts—including two within the First Circuit—have concluded that they lack power to retroactively lower a defendant's criminal history score or category pursuant to Amendment 821 outside the context of a sentence reduction. See United States v. Bueno-Beltran, Crim. No. 15-189-1 (RAM), 2024 WL 3633641, at *3 (D.P.R. Aug. 2, 2024); United States v. Williams, No. 2:15-cr-00069-JDL-1, 2024 WL 911591, at *3 (D. Me. Mar. 4, 2024); report and recommendation adopted, 2024 WL 1435090 (D. Me. Apr. 3, 2024); United States v. Nesbitt, Crim. No. 5:17-097-DCR, 2024 WL 2303809, at *1-2 (E.D. Ky. May 21, 2024); United States v. Passley, No. 19-CR-534 (WFK), 2024 WL 1640016, at *1 (E.D.N.Y. Apr. 16, 2024); United States v. DeJournett, No. 5:13-cr-513-1, 2024 WL 1580102, at *3

---

[6] Available at: https://www.nvd.uscourts.gov/wp-content/uploads/2024/07/GO-2024-01-Recalculation-of-Criminal-History-Points.pdf.

(N.D. Ohio Apr. 11, 2024). These courts generally reason that (1) a court's power to modify a sentence once it has been imposed is strictly circumscribed, (2) 18 U.S.C. § 3582(c) speaks only to sentence reductions, and (3) a court cannot order BOP to reclassify an inmate's PATTERN score. See, e.g., Bueno-Beltran, 2024 WL 3633641, at *3.

　　　After due consideration, the court concludes it has authority to issue an order recalculating Bean's criminal history score and category under the current status points provision even though such a recalculation will not entitle him to seek a sentence reduction. While it is true that a court's authority to modify a sentence once it has been imposed is limited, see, e.g., United States v. Mercado-Flores, 872 F.3d 25, 28-29 (1st Cir. 2017),[7] a defendant's criminal history score or category form no part of the defendant's sentence. Rather, they are calculations used as part of the process set forth in the sentencing guidelines to arrive at the advisory sentencing guidelines range. See U.S.S.G. §§ 1B1.1, 1B1.3, 4A1.1. A defendant's criminal history score and his guidelines range inform the court's discretion in fashioning an appropriate sentence, but neither the guidelines range nor the criminal history score themselves are part of the sentence. This is apparent from, among other things, the fact that they do not form any part of the judgment. See doc. no. 117

---

[7] The Districts of Puerto Rico and Maine rely heavily on Mercado-Flores in concluding that they lack jurisdiction in these circumstances, but the facts of Mercado-Flores differ starkly. There, the trial court, acting sua sponte, vacated a 57-month sentence and dismissed the case in its entirety twenty-four days after entry of judgment because it concluded that the criminal statute that supplied the defendant's offense of conviction did not apply to purely intrastate criminal acts in Puerto Rico. See Mercado-Flores, 872 F.3d at 27-28. No such sweeping action is at issue here.

(judgment); Fed. R. Crim. P. 32(k)(1) ("In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's finding, the adjudication, and the sentence.").

Still, some courts have concluded they lack jurisdiction to act in these circumstances because 18 U.S.C. § 3582 does not expressly state that courts may retroactively lower a defendant's criminal history score outside the sentence reduction context. But neither does that statute expressly forbid courts from doing so. Section 3582 states only that "[t]he court may not modify a term of imprisonment once it has been imposed except": (1) to grant a sentence reduction on compassionate release grounds; (2) when modification is expressly permitted by another statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission" pursuant to a retroactive amendment to the sentencing guidelines.

As an initial matter, the statute is inapposite because granting a defendant relief in these circumstances does not "modify a term of imprisonment" for the reasons already discussed. § 3582. But even if it did, here Bean "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission" pursuant to a retroactive amendment to the sentencing guidelines. § 3582(c)(2). His sentence was originally based upon a sentencing range of 120-140 months. Application of Amendment 821 will lower his sentencing range to 120-121 months. Supra, n.2. Therefore, to the extent § 3582 is

even applicable, it gives the court authority to grant Bean the relief he requests pursuant to § 3582(c)(2).

At least one court has held, however, that it lacked jurisdiction in these circumstances because it could locate no statute or rule of criminal procedure expressly authorizing the court to retroactively recalculate a defendant's criminal history score or category independent of a sentence reduction. See Nesbitt, 2024 WL 2303809, at *1-2. While this court cited the United States Supreme Court's opinion in Kokkonen v. Guardian Life Insurance of America, 511 U.S. 375 (1994), it failed to acknowledge the concept of ancillary jurisdiction discussed in that opinion. See id.

"[T]he doctrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Kokkonen, 511 U.S. at 378 (acknowledging the doctrine of ancillary jurisdiction but concluding it did not apply in the circumstances of that case). It applies in civil proceedings as well as criminal proceedings. See United States v. Coloian, 480 F.3d 47, 50 (1st Cir. 2007). "Under this concept, a district court acquires jurisdiction of a case or controversy in its entirety, and, as an incident to the full disposition of the matter, may hear collateral proceedings when necessary to allow it to vindicate its role as a tribunal [or] 'to render complete justice.'" 13 Richard D. Freer, Federal Practice & Procedure: Jurisdiction § 3523.2 & n.8 (3d ed.) (quoting Jenkins v. Weinshienk, 670 F.2d 915, 918 (10th Cir. 1982)). "A federal court invokes ancillary jurisdiction as an incident to a matter where it has acquired jurisdiction of a case in its entirety and, as an

incident to the disposition of the primary matter properly before it." United States
v. Dunegan, 251 F.3d 477, 478-79 (3d Cir. 2001) (cited with approval in Coloian, 480
F.3d at 50). A court may exercise ancillary jurisdiction over a claim, matter, or
issue, when it is, "in varying respects and degrees, factually interdependent" with a
claim over which the court has original jurisdiction. Coloian, 480 F.3d at 50 (quoting
Kokkonen, 511 U.S. at 379).

     Here, the court has original jurisdiction over the entirety of the criminal
proceeding against Bean. 18 U.S.C. § 3231. The court had jurisdiction to determine
Bean's criminal history score and category when calculating his advisory sentencing
range and determining an appropriate sentence. Recalculating Bean's criminal
history score and category under the amended status points provision is "factually
interdependent" with the court's prior determination—indeed, the recalculated
criminal history score will rely upon the exact same factual circumstances (Bean's
record of criminal convictions) as the original criminal history score did. Coloian,
480 F.3d at 50 (quotation omitted). Because the court has original jurisdiction over
this action in its entirety, the facts upon which Bean's recalculated criminal history
score are based are identical to the facts upon which his original criminal history
score was based, and because application of Amendment 821 is necessary to do
complete justice to the parties, the court has jurisdiction in the circumstances of
this case.

     Finally, the court does not share the concerns of those courts which have
declined to afford relief in these circumstances on the ground that a court may not

direct BOP to reclassify a prisoner's PATTERN score or otherwise provide a prisoner with administrative relief. See, e.g., DeJournett, 2024 WL 1580102, at *3. Recalculation of a defendant's criminal history score or category compels no action on the part of BOP. It is BOP's prerogative whether to reclassify Bean's PATTERN score or grant him any administrative relief in light of a new, lower criminal history score. To be sure, Bean has presented evidence that BOP may elect to lower his PATTERN score if this court grants the relief he seeks. But any decision in that regard would be made by BOP, not this court.

For these reasons, the court concludes that it has the authority to retroactively apply Amendment 821 to Bean and lower his criminal history score and category. His request (doc. no. 164) is therefore granted.

## CONCLUSION

The request (doc. no. 164) to lower Bean's criminal history score and category pursuant to Amendment 821 is granted. Bean's criminal history score is lowered from ten (10) to nine (9), and his criminal history category is lowered from V to IV.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 12, 2024

cc:    Counsel of Record

11